**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

| | |
|---|---|
| MICHEL LINS DOSSANTOS, | |
| Petitioner, | CIVIL ACTION NO.: 5:20-cv-132 |
| v. | |
| WARDEN D. GREENWALT, | |
| Respondent. | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on Petitioner Michel Dossantos' 28 U.S.C. § 2241 Petition, Respondent's Motion to Dismiss, and Dossantos' Response.  Docs. 1, 3, 5.  For the following reasons, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DENY** Dossantos' 28 U.S.C. § 2241 Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Dossantos leave to appeal *in forma pauperis*.

**BACKGROUND**

Dossantos is a native and citizen of Brazil and became a lawful, permanent resident of the United States in 2010.  Doc. 3 at 1–2.  Dossantos has been convicted of several offenses, including for acts of family violence in 2019, for which he was sentenced to 12 months' imprisonment.  Id. at 2; Doc. 3-1 at 2, 6–10; Doc. 5 at 3.  He is currently detained at the Immigration and Customs Enforcement ("ICE") Processing Center in Folkston, Georgia.  Doc. 1 at 6; Doc. 3 at 1.

**DISCUSSION**

**I.      Whether Dossantos is Entitled to his Requested Relief**

Dossantos contends he has been in ICE's detention since December 2019. Doc. 1 at 6.

Dossantos maintains this length of detention is prolonged and in violation of his right to due

process. Id. He asks for "a reasonable bond[.]" Id. at 7.

Respondent responds and states Dossantos asked for similar relief from the immigration

court and was denied bond. Doc. 3 at 1. Respondent notes Dossantos' request the Court review

the immigration judge's bond decision is barred under 8 U.S.C. § 1226(e). Id. at 5.

Section 236(c) of the Immigration and Nationality Act, 8 U.S.C. § 1226(c), provides the

Attorney General "shall take into custody any alien who—is deportable by reason of having

committed any offense" involving moral turpitude or an aggravated felony, as defined in 8

U.S.C. § 1227(a)(2)(A)(ii) and (iii). The Attorney General may detain the alien or release the

alien on bond or conditional parole. § 1226(a). In addition,

> The Attorney General's discretionary judgment regarding the application of [§
> 1226] shall not be subject to review. No court may set aside any action or
> decision by the Attorney General under this section regarding the detention or
> release of any alien or the grant, revocation, or denial of bond or parole.

28 U.S.C. § 1226(e). In other words, "§ 1226(e) precludes an alien from 'challeng[ing] a

'discretionary judgment' by the Attorney General or a 'decision' that the Attorney General has

made regarding his detention or release.'" Jennings v. Rodriguez, 138 S. Ct. 830, 841 (2018)

(quoting Demore v. Kim, 538 U.S. 510, 516 (2003)). In cases where an alien is detained, he can

seek review of that detention with the Department of Homeland Security ("DHS") and then by

an immigration judge and can "secure his release if he can convince the officer or immigration

judge that he poses no flight risk and no danger to the community." Nielsen v. Preap, 139 S. Ct.

954, 960 (2019) (citing 8 C.F.R. §§ 236.1(c)(8), (d)(1), 1003.19(a), 1236.1(d); then citing <u>Matter of Guerra</u>, 24 I. & N. Dec. 37 (BIA 2006))).

"Section 1226(a) creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings.  Section 1226(a) also permits the Attorney General to release those aliens on bond, '[e]xcept as provided in subsection (c) of this section.'"  <u>Jennings</u>, 138 S. Ct. at 846.  Section 1226(c) in turn states the Attorney General "shall take into custody any alien" who falls into one of the enumerated categories involving criminal offenses and terrorist activities.  8 U.S.C. § 1226(c)(1).  Section 1226(c) specifies the Attorney General "may release" one of those aliens "only if the Attorney General decides" both that doing so is necessary for witness-protection purposes and that the alien will not pose a danger or flight risk.  § 1226(c)(2).  Section 1226(c) does not on its face limit the length of the detention it authorizes.  "In fact, by allowing aliens to be released 'only if' the Attorney General decides that certain conditions are met, § 1226(c) reinforces the conclusion that aliens detained under its authority are not entitled to be released under any circumstances other than those expressly recognized by the statute.  And together with § 1226(a), § 1226(c) makes clear that detention of aliens within its scope must continue 'pending a decision on whether the alien is to be removed from the United States.'"  <u>Jennings</u>, 138 S. Ct. at 846 (quoting § 1226(a)).  This mandatory detention under § 1226(c) "does not violate the due process rights of criminal aliens who have conceded their deportability and are being detained for the limited period of their removal proceedings."  <u>Lukaj v. McAleenan</u>, Case No. 3:19-cv-241, 2019 WL 4979745, at *3 (M.D. Fla. Oct. 8, 2019) (citing <u>Demore</u>, 538 U.S. at 513).

Dossantos is a native and citizen of Brazil who became a lawful permanent resident of the United States in 2010 and is detained under § 1226(c).  Doc. 3-1 at 2.  ICE officials served

him with a notice to appear on November 28, 2019, charging Dossantos as removable under

8 U.S.C. § 1227(a)(2)(A)(iii) for having committed an aggravated felony.  Id. & at 41, 44.

Dossantos admitted to the charges on March 20, 2020, and the immigration court ordered

Dossantos removed to Brazil on November 4, 2020.  Id. at 3, 53–54.  During this time,

Dossantos requested redetermination of his custody, and the court denied his request on July 30,

2020, because Dossantos committed an aggravated felony, subjecting him to mandatory

detention under § 1226(c).  Id. at 50–51.  The Board of Immigration Appeals ("BIA") affirmed

the bond determination.  Id. at 59.  In addition, Dossantos has appealed his order of removal to

the BIA.[1]  Doc. 9 at 1.

The immigration judge's § 1226(c) bond decision was within the discretion afforded

under § 1226, and this Court cannot review this decision under § 1226(e).  To the extent

Dossantos wishes to bring a due process challenge to his continued detention pending the finality

of his removal proceedings, he cannot do so at this time.  The Court should **GRANT**

Respondent's Motion to Dismiss and **DENY** Dossantos' Petition based on § 1226.[2]

**II.     Leave to Appeal *in Forma Pauperis***

The Court should also deny Dossantos leave to appeal *in forma pauperis*.  Though

Dossantos has not yet filed a notice of appeal, it would be appropriate to address that issue in the

---

[1]     A 90-day removal period can begin once the order of removal becomes administratively final, and the Attorney General "shall detain the alien."  8 U.S.C. § 1231(a)(1)(B), (a)(2).  In addition, the Attorney General is precluded from releasing any alien "who has been found . . . deportable under section 1227(a)(2) . . . ."  § 1231(a)(2).

[2]     The Court does not address any assertions Dossantos makes for the first time in his Response to the Motion to Dismiss.  Doc. 5 at 2–3; Doc. 9 at 1–2; Plunkett v. Rountree, 2:14-cv-15, 2015 WL 1505970, at *7 n.7 (S.D. Ga. Mar. 31, 2015) (citing cases for proposition a pleading cannot be amended in response to a motion to dismiss).  Even if the Court were to entertain Dossantos' newly asserted claims, these claims would be subject to dismissal for the reasons Respondent advances in response to the Court's May 7, 2021 Order.  Doc. 8; Doc. 9 at 2–3.

Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Thus, a claim is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Dossantos' Petition and Respondent's Motion to Dismiss, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Dossantos *in forma pauperis* status on appeal.

### CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DENY** Dossantos' § 2241 Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Dossantos leave to appeal *in forma pauperis*.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate

Judge failed to address a contention raised in the Complaint or any other filing must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 2nd day of July, 2021.


_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA